UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Patricia J. Humphrey,   Civil No. 12-2984 (PAM/FLN)

    Plaintiff,

v.   **MEMORANDUM AND ORDER**

United of Omaha Life Insurance
Company, and Multiband
Corporation,

    Defendants.

---

This matter is before the Court on Defendant Multiband Corporation's Motion to Dismiss the second claim for relief in the Complaint. For the reasons that follow, the Motion is granted.

**BACKGROUND**

Plaintiff Patricia Humphrey was employed by Defendant Multiband Corporation and was a participant in Multiband's group disability insurance plan, issued by Defendant United of Omaha Life Insurance Company. (Compl. ¶¶ 2-3.) In September 2011, as a result of an unspecified illness, Humphrey became unable to work. (Id. ¶ 10.) She brought this lawsuit after Defendants denied her applications for short- and long-term disability benefits under the disability insurance plan. (Id. ¶ 11.)

The Complaint contains two claims for relief. The first is denominated a "claim for recovery of benefits and enforcement of Plaintiff's rights under ERISA." (Id. at p. 4.) In this claim, Humphrey contends that "Defendants have violated the clear and unambiguous terms of the applicable Policy, ERISA and applicable regulations in denying her claim for long-

term disability benefits." (Id. ¶ 17.) She asserts that she is "entitled to legal and equitable relief . . . including, but not limited to payment of any Disability benefits wrongfully withheld under the terms of The Plan, together with appropriate interest; and, an order for all other appropriate relief including attorneys' fees and costs." (Id. ¶ 19.)

Humphrey's second claim is "for breach of fiduciary duty pursuant to ERISA." (Id. at p.4.) This claim alleges that "Defendants, through their actions, have breached their fiduciary duties owed to Plaintiff by failing to act solely in the interest of the plan participants and failing to act with care, skill, prudence, and diligence under the circumstances." (Id. ¶ 21.) She further contends that "equitable relief, other than reimbursement for benefits may be appropriate" for this alleged fiduciary-duty violation. (Id. ¶ 22.)

Multiband now asks the Court to dismiss the second claim for relief, contending that Humphrey's breach of fiduciary duty claim is "wholly redundant" of her claim for benefits under ERISA.[1] (Def.'s Supp. Mem. (Docket No. 11) at 1.)

**DISCUSSION**

**A.      Standard of Review**

For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes all facts alleged in the complaint as true. See Westcott v. Omaha, 901 F.2d

---

[1] Multiband contends that the first claim for relief is directed only against United of Omaha, so that dismissal of the second claim "would as a practical matter end Multiband's involvement in this litigation." (Def.'s Supp. Mem. (Docket No. 11) at 1 n.1.) This is a curious contention given that both claims for relief are brought against "Defendants."

1486, 1488 (8th Cir. 1990). The Court must construe the factual allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiff and will grant a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle [her] to relief." Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) (citations omitted). The complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**B.    ERISA Breach of Fiduciary Duty**

As relevant to this matter, ERISA's enforcement scheme contemplates that plan participants may bring two distinct types of actions to enforce their ERISA rights. The first is an action to "recover benefits . . . under the terms of [the] plan" under § 1132(a)(1)(B). This is the type of action Humphrey brings in her first claim for relief. The second type of action is one for an injunction or "other appropriate equitable relief" under § 1132(a)(3)(A) and (B). Humphrey's second claim for relief purports to seek "appropriate equitable relief" other than an injunction and thus is brought under subsection (B). (Pl.'s Opp'n Mem. (Docket No. 15) at 6.)

As Multiband points out, courts consistently hold that equitable relief is not available if the plan participant "is provided adequate relief by her right to bring a claim for benefits under [§ 1132(a)(1)(B) . . . and she seeks no different relief" under § 1132(a)(3). Wald v. Sw. Bell Corp. Customcare Med. Plan, 83 F.3d 1002, 1006 (8th Cir. 1996). Humphrey insists that the relief she seeks in her second claim is not the same as the relief sought in her first claim, because she has asked for attorney's fees and prejudgment interest in her second

3

claim. But neither attorney's fees nor prejudgment interest is an equitable remedy. Rather, attorney's fees are available to a successful ERISA claimant under § 1132(g), and prejudgment interest is available as a matter of course on compensatory damage awards in federal court.

The Complaint does not explain what sorts of equitable relief Humphrey claims as a result of the alleged breaches of fiduciary duty, and Humphrey's opposition memorandum sheds no additional light on the subject. Absent some indication that traditional equitable relief—for example, an order reinstating a beneficiary to insured status, as in Varity Corp. v. Howe, 516 U.S. 489 (1996)—is necessary, Humphrey has not established that her second claim is appropriate in this instance. Her second claim for relief must be dismissed.

Because this litigation is in its early stages, the dismissal will be without prejudice. It may be that there is a truly equitable remedy to which Humphrey is entitled. In that instance, she may seek to amend her Complaint to more specifically set forth that remedy.

**CONCLUSION**

Humphrey's claim for a breach of fiduciary duty fails on its face. Accordingly, **IT IS HEREBY ORDERED that** Defendant Multiband Corporation's Motion to Dismiss (Docket No. 9) is **GRANTED** and the Complaint's second claim for relief is **DISMISSED without prejudice**.

Dated: April 3, 2013

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge